[Civil No. 3117. Filed November 16, 1932.]

[15 Pac. (2d) 960.]

JOSE PEREZ, Appellant, v. MINNIE BURT, Appellee.

Messrs. Anderson & Conway, for Appellant.

Mr. Terrence A. Carson, for Appellee.

ROSS, J.—The appellee, Minnie Burt, had a judgment for approximately $750 against appellant, Jose Perez. Jose Perez had a judgment against one Gerardo V. Walker for $400.30. Burt caused a writ of garnishment to be issued on her judgment and to be served on Walker. The garnishee, Walker, answered the writ acknowledging that he owed Perez a judgment debt of $400.30. The debtor, Perez, filed an affidavit controverting Walker's answer, in which he averred that long before Walker was served with the writ of garnishment he had, by an instrument in writing, and for a valuable consideration, sold and assigned his judgment against Walker to one Gracian Bidurreta, who, and not himself, was the owner of said judgment. This controverting affidavit was answered by Burt, who averred that, if there was any such assignment of the judgment from Perez to Bidurreta, it was without consideration and made with the intent to cheat and defraud her.

Formal pleadings were later filed tendering the issue made by affidavits.

The court heard the evidence on the controverted issue and rendered judgment in favor of appellee, and the debtor, Perez, appeals.

The question raised is one purely of fact. It is whether the evidence supports or justifies the judgment. The only evidence introduced was that in behalf of the appellant. He testified that, while his action against Walker was pending, he sold and transferred his right to any judgment he might obtain to Bidurreta, who paid him $400 in cash therefor. Bidurreta testified to the same facts. A written assignment of the judgment by Perez to Bidurreta, dated about one year before the garnishment was levied, was introduced, which corroborated the testimony of Perez and Bidurreta. In this situation it is the contention of the appellant that there was nothing for the court to do except to enter judgment in his favor.

However, the genuineness and *bona fides* of the assignment by Perez of the Walker debt or judgment to Bidurreta was doubtless, in the mind of the trial judge, put under suspicion by reason of the following facts: After the time of the alleged assignment, Perez continued to collect and accept from Walker payments and to credit such payments upon his claim against Walker, without any complaint from Bidurreta, the assignee. And after judgment was rendered in favor of Perez and against Walker the former continued to exercise over the judgment the rights incident to ownership, such as demanding an execution and directing its levy upon Walker's property. Then a shadow of doubt or suspicion of the *bona fides* of the assignment doubtless arose in the mind of the court from the fact that such assignment was kept a secret between Perez and Bidurreta until Walker was garnisheed.

While no doubt appellant is correct when he says that the party asserting or alleging fraud has the burden of proving it, this does not mean that such burden may not be sustained from the intrinsic improbability of the testimony denying fraud.

The trial judge's opportunity of correctly weighing the testimony of appellant's witnesses was far better than is ours. He saw them and heard them testify, and, if therefrom he was convinced that their stories of good faith were untrue, and the assignment a mere pretext to defeat Burt, we can think of no good reason for overturning his verdict.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.